UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ANTON PHILLIPS,

       Petitioner,

v.                                                                             Case No. 2:15-cv-25
                                                                                                HON. ROBERT HOLMES BELL

JEFFREY WOODS,

       Respondent.
_____/

## REPORT AND RECOMMENDATION

Petitioner Anton Phillips filed this petition for writ of habeas corpus challenging the validity of his state court convictions. On February 2, 2012, a jury convicted Petitioner of assault with intent to do great bodily harm less than murder in violation of Mich. Comp. Laws § 750.84. After his conviction, the trial court sentenced Petitioner as a fourth habitual offender to 18 to 50 years imprisonment.

Petitioner maintains that his conviction was obtained in violation of his federal rights. Petitioner asserts several claims that can be summarized as follows:

      I.      Ineffective assistance of counsel for failing to request a self-defense jury instruction and a lesser included offense jury instruction

      II.     Police coerced a principal witness when they informed her of the consequences of perjury and the possibility of losing her children

      III.    Trial court abused its discretion when it departed from the sentencing guidelines

    IV.      Trial court abused its discretion when it denied the request for an evidentiary hearing

    V.      Prosecutorial misconduct because the prosecutor (1) made improper comments regarding the defendant's character during trial; (2) bolstered the credibility of prosecution witnesses; (3) presented false statements to the jury; and (4) used influence of the prosecutor's position to sway the jury that she could be trusted

    VI.      Ineffective assistance of counsel for (1) failing to investigate; (2) failing to make necessary objections; (3) presenting a defense theory that Petitioner disagreed with; and (4) denying defendant's right to testify

The Respondent has filed an answer and has complied with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts. This matter is now ready for decision. In accordance with 28 U.S.C. § 636(b), authorizing United States Magistrate Judges to submit proposed findings of fact and recommendations for disposition of prisoner petitions, I recommend that this petition for writ of habeas corpus be denied.

In April of 1996, the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) became effective. Because this petition was filed after the effective date of the AEDPA, this Court must follow the standard of review established in that statute. Pursuant to the AEDPA, an application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d).

The AEDPA limits the source of law to cases decided by the United States Supreme Court. 28 U.S.C. § 2254(d). This provision marks a "significant change" and prevents the district court from looking to lower federal court decisions in determining whether the state decision is contrary to, or an unreasonable application of, clearly established federal law. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). To justify a grant of habeas corpus relief under this provision of the AEDPA, a federal court must find a violation of law "clearly established" by holdings of the Supreme Court, as opposed to its dicta, as of the time of the relevant state court decision. *Williams v. Taylor*, 529 U.S. 362, 412 (2000). The Supreme Court held that a decision of the state court is "contrary to" such clearly established federal law "if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." *Id.* A state court decision will be deemed an "unreasonable application" of clearly established federal law "if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* A federal habeas court may not find a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 412. Rather, the application must also be "unreasonable." *Id.* Further, the habeas court should not transform the inquiry into a subjective one by inquiring whether all reasonable jurists would agree that the application by the state court was unreasonable. *Id.* at 410 (disavowing *Drinkard v. Johnson*, 97 F.3d 751, 769 (5th Cir. 1996)). Rather, the issue is whether the state court's application of clearly established federal law is "objectively unreasonable." *Williams*, 529 U.S. at 409.

The AEDPA requires heightened respect for state factual findings. *Herbert v. Billy,* 160 F.3d 1131, 1134 (6th Cir. 1998). The habeas corpus statute has long provided that the factual findings of the state courts, made after a hearing, are entitled to a presumption of correctness. This presumption has always been accorded to findings of state appellate courts, as well as the trial court. *See Sumner v. Mata*, 449 U.S. 539, 546 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989), *cert. denied*, 495 U.S. 961 (1990). Under the AEDPA, a determination of a factual issue made by a state court is presumed to be correct. The petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998), *cert. denied*, 527 U.S. 1040 (1999).

In his first claim, Petitioner maintains that he received ineffective assistance of counsel when his trial attorney failed to request the self-defense jury instruction and the lesser included offense of assault and battery jury instruction. To establish a claim of ineffective assistance of counsel, the petitioner must prove: (1) that counsel's performance fell below an objective standard of reasonableness; and (2) that counsel's deficient performance prejudiced the defendant resulting in an unreliable or fundamentally unfair outcome. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). A court considering a claim of ineffective assistance must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. The defendant bears the burden of overcoming the presumption that the challenged action might be considered sound trial strategy. *Id.* (citing *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)); *see also Nagi v. United States*, 90 F.3d 130, 135 (6th Cir. 1996) (holding that counsel's strategic decisions were hard to attack). The court must determine whether, in light of the circumstances as they existed at the time of counsel's actions,

"the identified acts or omissions were outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690. Even if a court determines that counsel's performance was outside that range, the defendant is not entitled to relief if counsel's error had no effect on the judgment. *Id.* at 691.

In rejecting this claim, the Michigan Court of Appeals stated:

> On the record before us, we conclude that defendant's trial counsel performed within an objective standard of reasonableness with regard to jury instructions. First, the evidence did not support a self-defense instruction. Generally, a defendant is entitled to a theory or defense that is supported by the evidence. *People v Riddle*, 467 Mich 116, 124; 649 NW2d 30 (2002). In regard to a self-defense instruction, two witnesses testified that the victim struck defendant first and another said that the victim threatened to strike defendant first. However, five of the witnesses said that after the initial confrontation, the victim fell to the ground, and defendant then either punched or kicked the victim at least one time. Two of the witnesses specifically testified that the victim was unconscious when defendant struck him on the ground. Thus, the evidence at trial revealed that defendant's continued attack while the victim was on the ground was excessive and was unnecessary for self-defense. See *People v Heflin*, 434 Mich 482, 509; 456 NW2d 10 (1990).
>
> Similarly, defendant was not entitled to a jury instruction on assault and battery. A jury instruction may, when appropriate, be given in regard to lesser included lesser offenses. *People v Reese*, 466 Mich 440, 446; 647 NW2d 498 (2002). "A necessarily included lesser offense is an offense in which all its elements are included in the elements of the greater offense such that it would be impossible to commit the greater offense without first having committed the lesser offense." *People v Apgar*, 264 Mich App 321, 326; 690 NW2d 312 (2004). Assault and battery is a lesser included offense of assault with intent to do great bodily harm less than murder because it would be impossible to commit the greater offense without committing assault and battery. *People v Railer*, 288 Mich App 213, 214 n 1; 792 NW2d 776 (2010). However, a lesser included offense instruction is appropriate only where "the charged greater offense requires the jury to find a disputed factual element that is not part of the lesser included offense and a rational view of the evidence would support it." *Apgar*, 264 Mich App at

>    326-327, quoting *People v Cornell*, 466 Mich 335, 357; 646 NW2d
>    127 (2002).
>
>    Here, intent was not a disputed factual issue. Defendant's defense was that he was not the perpetrator. Moreover, a rational view of the evidence would not support an instruction regarding simple assault and battery where the evidence overwhelmingly showed that defendant intended great bodily harm. Cf. *Apgar*, 264 Mich App at 326-327. Five witnesses said that defendant punched or kicked the victim once he was on the ground. Four witnesses said that defendant punched or kicked the victim in the head while he was on the ground. Two witnesses said that defendant punched or kicked the victim in the head multiple times. Additionally, the victim received blunt force trauma to both sides of his brain, indicating that the victim was struck multiple times to the head. As a result of the incident, the victim suffered a traumatic brain injury, approximately 15 head fractures, and dramatic loss of neurological function. Thus, the evidence overwhelmingly supported only one inference, specifically that defendant intended to cause the very significant bodily injuries the victim suffered. Accordingly, we find that defendant was not entitled to an instruction on self-defense or assault and battery, and thus, defense counsel was not ineffective for failing to make a meritless motion or objection in regard to the jury instructions. *People v Gist*, 188 Mich App 610, 613; 470 NW2d 475 (1991). Furthermore, the trial court did not abuse its discretion in denying defendant's motion for a new trial. *Cress*, 468 Mich at 691.

ECF No. 7-10, PageID.331-332

In the opinion of the undersigned, the Michigan Court of Appeals decision was not contrary to, or an unreasonable application of clearly established federal law. *See Keeble v. United States*, 412 U.S. 205, 208 (1974) (finding defendant was not entitled to lesser included offense jury instruction when there was insufficient basis in the evidence to support it); *United States v. Harris*, 204 F.3d 681, 683 (6th. Cir. 2000) (finding that failing to make a futile objection is not deficient performance). Moreover, as the Michigan Court of Appeals explained, Petitioner's theory of defense was that "[Petitioner] was not the perpetrator." Had Petitioner's trial attorney requested a jury instruction for self-defense or a jury instruction for assault and

battery, such an instruction would have directly contradicted the theory of the defense. The trial attorney made a reasonable strategic decision and his performance was not deficient. Moreover, even if the performance of Petitioner's trial attorney was deficient, the errors did not prejudice Petitioner because of the overwhelming evidence against him. As noted by the Michigan Court of Appeals, five witnesses testified that Petitioner struck the victim while he was on the ground and two of the witnesses testified that Petitioner struck the victim while he was unconscious on the ground.

In his second claim, Petitioner asserts a claim of "police coercion of a principal witness."[1] Petitioner argues that a witness—Amber Owens—was coerced into testifying because she was arrested on a material witness warrant and informed of the punishment for perjury. Petitioner also argues that the police threatened to take away her children. However, it is unclear from the record whether the police told this to the witness or the witness assumed that losing her children was a logical consequence of being jailed for perjury. The Michigan Court of Appeals rejected this claim by stating:

> Defendant also makes an unpreserved argument that prosecutorial misconduct in the form of witness intimidation occurred in this case. However, based on the relevant witness's testimony, the police merely suspected that witness was lying to them and informed her that false testimony could result in a perjury charge with a penalty of 20 years' imprisonment. Informing a witness that false testimony could result in a perjury charge does not constitute prosecutorial intimidation. *People v Layher*, 238 Mich App 573, 587; 607 NW2d 91 (1999).

ECF No. 7-10, PageID.332

Witness intimidation constitutes a violation of a defendant's due process rights only when, "[g]overnment conduct rises to the level of substantial interference with a witness's

---

[1] Although Petitioner characterized this claim as "police coercion of a principal witness," Petitioner's direct appeal described this claim as prosecutorial misconduct that deprived him of a fair trial and due process.

'free and unhampered determination to testify.'" *Johnson v. Bell*, 525 F.3d 466, 480 (6th Cir. 2008). However, even misconduct amounting to witness intimidation will not justify a new trial unless the defendant demonstrates that it was not harmless. *United States v. Foster,* 128 F.3d 949, 953 (6th Cir. 1997); *United States v. Stuart*, 507 F.3d 391, 398 (6th Cir. 2007).

In the opinion of the undersigned, the Michigan Court of Appeal's decision was not contrary to or an unreasonable application of clearly established federal law. *See United States v. Pierce*, 62 F.3d 818, 832 (6th Cir. 1995) (stating that warning a witness of the consequences of perjury does not necessarily amount to a due process violation). Further, even if the police's actions amounted to a due process violation, the error was harmless. On cross-examination, the witness testified that she felt threatened by the police and the jury was able to take that into account. Moreover, even without this witness's testimony, there was overwhelming amount of evidence against Petitioner from other witnesses.

In his third claim, Petitioner argues that the trial court abused its discretion when it departed from the sentencing guidelines. Claims concerning the improper application of sentencing guidelines are state law claims and typically are not cognizable in habeas corpus proceedings. *See Hutto v. Davis*, 454 U.S. 370, 373-74 (1982) (federal courts normally do not review a sentence for a term of years that falls within the limits prescribed by the state legislature); *Austin v. Jackson*, 213 F.3d 298, 301-02 (6th Cir. 2000) (alleged violation of state law with respect to sentencing is not subject to federal habeas relief). Moreover, a criminal defendant has "no federal constitutional right to be sentenced within Michigan's guideline minimum sentence recommendations." *Doyle v. Scutt*, 347 F. Supp. 2d 474, 485 (E.D. Mich. 2004); *accord Lovely v. Jackson*, 337 F. Supp. 2d 969, 977 (E.D. Mich. 2004); *Thomas v. Foltz*, 654 F. Supp. 105, 106-07 (E.D. Mich. 1987).

Although state law errors generally are not reviewable in a federal habeas proceeding, an alleged violation of state law "could, potentially, 'be sufficiently egregious to amount to a denial of equal protection or of due process of law guaranteed by the Fourteenth Amendment.'" *Koras v. Robinson,* 123 F. App'x 207, 213 (6th Cir. Feb. 15, 2005) (citing *Bowling v. Parker*, 344 F.3d 487, 521 (6th Cir. 2003)).  *See also Doyle*, 347 F. Supp. 2d at 485 (a habeas court "will not set aside, on allegations of unfairness or an abuse of discretion, terms of a sentence that is within state statutory limits unless the sentence is so disproportionate to the crime as to be completely arbitrary and shocking.") (citation omitted).  A sentence may violate due process if it is based upon material "misinformation of constitutional magnitude." *Koras,* 123 F. App'x at 213 (quoting *Roberts v. United States,* 445 U.S. 552, 556 (1980)); *see also United States v. Tucker,* 404 U.S. 443, 447 (1972); *Townsend v. Burke,* 334 U.S. 736, 741 (1948).  To prevail on such a claim, the petitioner must show (1) that the information before the sentencing court was materially false, and (2) that the court relied on the false information in imposing the sentence.  *Tucker*, 404 U.S. at 447; *United States v. Polselli*, 747 F.2d 356, 358 (6th Cir. 1984). *Koras,* 123 F. App'x at 213 (quoting *United States v. Stevens,* 851 F.2d 140, 143 (6th Cir. 1988)).

In this case, Petitioner's sentence is not so disproportionate to the crime as to be arbitrary or shocking.  *See Doyle*, 347 F. Supp. 2d at 485.  Petitioner does not argue that the facts found by the court at sentencing were either materially false or based on false information.  Instead, Petitioner argues that the reasons the trial court gave for adjusting the sentencing guidelines were "inadequate."  Although the sentencing adjustment in this case was quite large,[2] the Michigan Court of Appeals found the sentencing adjustment appropriate based on (1) the

---

[2] The recommended sentencing guidelines was 34 to 134 months and the court sentenced the Petitioner to 18 to 50 years. ECF No. 7-6, PageID.308-309.

severity of the victim's injuries; (2) the psychological injury to the victim's family; and (3) the severity of the attack by the defendant. ECF No. 7-10, PageID.333-334.The state-court's rejection of Petitioner's claim was not based on an unreasonable determination of the facts and was neither contrary to, nor an unreasonable application of established federal law.

In his fourth claim, Petitioner maintains that the trial court abused discretion by denying a request for an evidentiary hearing to expand upon his claims of ineffective counsel— often referred to as a *Ginther* hearing. Petitioner argues that the trial court used the wrong legal standard when determining the need for the hearing. However, this claim is not cognizable on habeas review. Whether Petitioner was entitled to a *Ginther* hearing is a matter of state law. *See People v. Ginther*, 390 Mich. 436, 212 N.W.2d 922. Here, the trial court denied Petitioner's request for a *Ginther* hearing and the Michigan Court of Appeals affirmed this decision because the "defendant did not set forth any facts regarding his motion for a new trial that required development of the record." ECF No. 7-10, PageID.334-335. In a federal habeas corpus proceeding, it is not the province of the federal court to review the decision of a state's highest court on a matter of purely state law. *See Long v. Smith*, 663 F.2d 18, 22-23 (6th Cir. 1981).

In his fifth claim, Petitioner asserts several allegations of prosecutorial misconduct. Petitioner argues that the prosecutor (1) made improper comments regarding the defendant's character during trial; (2) bolstered the credibility of prosecution witnesses; (3) presented false statements to the jury; and (4) used influence of the prosecutor's position to sway the jury that she could be trusted. The Michigan Court of appeals reviewed these claims for plain error because the Petitioner failed to preserve them.

> Defendant additionally raises a series of claims of prosecutorial misconduct in his Standard 4 brief. Defendant's unpreserved claims of prosecutorial misconduct are reviewed for plain error affecting substantial rights. *People v Carines*, 460 Mich 750, 763;

> 597 NW2d 130 (1999). Prosecutorial misconduct occurs if a defendant is denied a fair trial, *Watson*, 245 Mich App at 586, and claims of prosecutorial misconduct are reviewed case by case, with the prosecutor's remarks evaluated in the context of the entire record, *People v Dobek*, 274 Mich App 58, 64; 732 NW2d 546 (2007).
>
> Defendant first claims that the prosecutor improperly injected comments about defendant's character and that those claims were unsupported by the record. However, we have reviewed those comments and find that they were supported by the record and that, in the context of the entire record, they did not improperly comment on defendant's character. Cf. *People v Quinn*, 194 Mich App 250, 253; 486 NW2d 139 (1992).
>
> Defendant also argues that the prosecutor improperly injected her personal opinion about defendant's guilt within her opening statement. However, "[t]he purpose of an opening statement is to tell the jury what the advocate proposes to show." *People v Moss*, 70 Mich App 18, 32; 245 NW2d 389 (1976). And, in context, the prosecutor's challenged statement was designed to indicate to the jurors what she intended to show from the evidence. The prosecutor did not express a personal opinion about defendant's guilt.
>
> Defendant further claims that the prosecutor's use of the words "trust me" within her closing argument allowed the jury to conclude that her words held more weight than others. However, in context, the prosecutor's "trust me" comment did not support defendant's guilt with the authority of the prosecutor's office. Similarly, we disagree with defendant's claim that the prosecutor's statement during her closing argument that the victim "was no threat to anybody" was not supported by the evidence.
>
> Defendant's final claim of prosecutorial misconduct is that the prosecutor improperly referred to a letter during opening statement that was not subsequently admitted into evidence. However, the trial court properly instructed the jurors that the lawyers' statements are not evidence. "Jurors are presumed to follow their instructions, and instructions are presumed to cure most errors." *People v Abraham*, 256 Mich App 265, 279; 662 NW2d 836 (2003). No reversal is required because defendant fails to show prejudice from the prosecutor's reference to the letter. *Carines*, 460 Mich at 763.

ECF No. 7-10, PageID.335.

Even though the Michigan Court of Appeals addressed each argument, Petitioner's fifth claim is procedurally defaulted. A federal court generally may not consider any claim for habeas relief that was rejected by the state courts for failure to comply with the state's procedural rules. *Hargrave–Thomas v. Yukins*, 374 F.3d 383, 387 (6th Cir. 2004) (citing *Harris v. Reed*, 489 U.S. 255, 262, 109 S.Ct. 1038, 103 L.Ed.2d 308 (1989)). To determine whether a petitioner procedurally defaulted a federal claim in state court, the Court must consider whether: (1) the petitioner failed to comply with an applicable state procedural rule; (2) the state court enforced the rule so as to bar the claim; and (3) the state procedural default is an "independent and adequate" state ground properly foreclosing federal habeas review of the federal constitutional claim. *See Hicks v. Straub,* 377 F.3d 538, 551 (6th Cir. 2004); *accord Lancaster v. Adams*, 324 F.3d 423, 436-37 (6th Cir. 2003); *Greer v. Mitchell*, 264 F.3d 663, 672 (6th Cir. 2001); *Buell v. Mitchell*, 274 F.3d 337, 348 (6th Cir. 2001). In determining whether a state procedural rule was applied to bar a claim, a reviewing court looks to the last reasoned state-court decision disposing of the claim. *See Ylst*, 501 U.S. at 803; *Guilmette v. Howes*, 624 F.3d 286, 291 (6th Cir. 2010). If a petitioner procedurally defaulted his federal claim in state court, the petitioner must demonstrate either (1) cause for his failure to comply with the state procedural rule and actual prejudice flowing from the violation of federal law alleged in his claim, or (2) that a lack of federal habeas review of the claim will result in a fundamental miscarriage of justice. *See House v. Bell*, 547 U.S. 518, 536 (2006); *Murray v. Carrier*, 477 U.S. 478, 495 (1986); *Hicks*, 377 F.3d at 551-52.

In this case, the Petitioner failed to preserve his prosecutorial misconduct arguments by failing to object at trial. After expressly stating that the Petitioner failed to preserve the issue, the Michigan Court of Appeals reviewed Petitioner's prosecutorial

misconduct claims for plain error, finding none. In this circuit, "plain error review does not constitute a waiver of state procedural default rules." *Seymour v. Walker*, 224 F.3d 542 (6th Cir. 2000) (citations omitted); *Scott v. Mitchell*, 209 F.3d 854, 866-68 (6th Cir. 2000); *see also Coe v. Bell*, 161 F.3d 320, 330 (6th Cir. 1998) (state court's alternative holding on the merits does not require federal court to disregard the procedural bar); *McBee v. Abramajtys*, 929 F.2d 264, 267 (6th Cir. 1991) (same); *Paprocki v. Foltz*, 869 F.2d 281, 284-85 (6th Cir. 1989) (claim is defaulted even where the state court may excuse the default for "manifest injustice"); *Federico v. Yukins*, No. 93-2424, 1994 WL 601408, at *3-*4 (6th Cir. Nov. 2, 1994) (same, for "miscarriage of justice").

To the extent that Petitioner is asserting ineffective assistance of counsel as cause for his non-compliance with the state procedural rule, Petitioner has failed to show prejudice. As the Michigan Court of Appeals explained, each allegation of prosecutorial misconduct was meritless. Therefore, Petitioner's fifth claim is procedurally defaulted.

Similar to the first claim, Petitioner's sixth claim is also an ineffective assistance of counsel claim. Petitioner argues that he received ineffective assistance of counsel because trial counsel (1) failed to investigate that the defendant did not cause the victim's coma; (2) presented a defense theory that the defendant disagreed with; (3) failed to make necessary objections at critical stages during the trial; and (4) prevented the defendant from exercising his right to testify. In rejecting this claim, the Michigan Court of Appeals stated:

> Defendant next raises a series of additional, unpreserved claims of ineffective assistance of counsel, none of which have merit. Our review is limited to mistakes apparent on the record. *People v Rodriguez*, 251 Mich App 10, 38; 650 NW2d 96 (2002).
>
> Defendant first claims that defense counsel failed to conduct reasonable investigations into this case. However, there is no indication that defense counsel failed to investigate this case, and

>       defendant fails to meet his burden of establishing the factual
>       predicate for this claim of ineffective assistance of counsel. See
>       *People v Hoag*, 460 Mich 1, 6; 594 NW2d 57 (1999).
>
>       Defendant also claims that defense counsel failed to object to
>       the prosecutor misconduct discussed supra. However, the claims of
>       misconduct were meritless, and defense counsel is not ineffective
>       for failing to make meritless objections. *Gist*, 188 Mich App at
>       613.
>
>       Defendant also claims that defense counsel was ineffective for
>       failing to object to the trial court's aiding and abetting jury
>       instruction. However, the instruction was proper because a
>       defendant may be charged as a principal and be convicted under an
>       aider and abettor theory. MCL 767.39; *People v Mass*, 464 Mich
>       615, 628; 628 NW2d 540 (2001). The evidence in this case
>       supported the instruction.
>
>       Finally, defendant claims that defense counsel was ineffective
>       because he denied defendant his right to testify. Here, there is no
>       indication that defense counsel failed to advise defendant of his
>       right to testify. The factual predicate of this claim has not been
>       established. *Hoag*, 460 Mich at 6.

ECF No. 7-10. PageID.335-336

In the opinion of the undersigned, Petitioner has failed to explain why the Michigan Court of Appeals' reasoning on any allegation is contrary to or an unreasonable application of clearly established federal law.

In summary, the undersigned concludes that Petitioner's claims are without merit and therefore recommends that this Court dismiss the petition with prejudice.

In addition, if Petitioner should choose to appeal this action, I recommend that a certificate of appealability be denied as to each issue raised by the Petitioner in this application for habeas corpus relief. Under 28 U.S.C. § 2253(c)(2), the court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has

demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, the undersigned has examined each of Petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." The undersigned concludes that reasonable jurists could not find that a dismissal of each of Petitioner's claims was debatable or wrong. First, trial counsel was not ineffective when he failed to request jury instructions that would be meritless and contradict the theory of the defense. Second, the police did not improperly intimidate a witness, but even if they did, the error was harmless. Third, whether the trial court abused discretion by departing from the sentencing guidelines is a matter of state law that is not cognizable on habeas review. Fourth, whether the trial court abused discretion when it used the wrong standard for denying a *Ginther* hearing is a matter of state law that is not cognizable on habeas review. Fifth, the allegations of prosecutorial misconduct were procedural defaulted in state court because Petitioner failed to preserve the issues and the default was not excused. Sixth, Petitioner failed to explain why the Michigan Court of Appeals decision on his additional claims of ineffective assistance of counsel were contrary to, or an unreasonable application of

clearly established federal law. Therefore, the undersigned recommends that the court deny Petitioner a certificate of appealability.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

       /s/ Timothy P. Greeley     .
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated: August 10, 2016