UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ANTON PHILLIPS,

    Petitioner,

v.                                        Case No. 2:15-cv-25

                                            HON. ROBERT HOLMES BELL

JEFFREY WOODS,

    Respondent.

_____/

## OPINION

Petitioner Anton Phillips filed a petition for writ of habeas corpus challenging the validity of his state-court conviction. On August 10, 2016, Magistrate Judge Timothy Greeley issued a Report and Recommendation ("R&R") recommending that the Court dismiss the petition with prejudice because Petitioner's claims are without merit and are procedurally defaulted. (ECF No. 8.) The matter is before the Court on Petitioner's objections to the R&R. (ECF No. 12.)

This Court is required to make a de novo review upon the record of those portions of the R&R to which specific objections have been made, and may accept, reject, or modify any or all of the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see also Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) ("[A] general objection to a magistrate's report, which fails to specify the issues of contention, does not

satisfy the requirement that an objection be filed. The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious.").

Petitioner has several objections. Petitioner objects to the Magistrate Judge's conclusion that the Michigan Court of Appeals decision was not contrary to, or did not involve an unreasonable application of, clearly established federal law for Petitioner's ineffective assistance of counsel claims, his police coercion and intimidation claim, and his due process claim. Petitioner also objects to the Magistrate Judge's conclusion that his claim for denial for a *Ginther* hearing is not cognizable on habeas review. Finally, Petitioner objects to the Magistrate Judge's conclusion that his prosecutorial misconduct claim is procedurally defaulted.

## I. Standard of Review

When a petitioner's claim has been adjudicated on the merits in state court, § 2254(d) provides that a habeas petition shall not be granted unless the adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of facts in light of the evidence presented in the state-court proceeding.

28 U.S.C. § 2554(d)(1)-(2).

This Court may only consider the clearly established holdings of the Supreme Court when analyzing Petitioner's claim under § 2254(d). *Williams v. Taylor*, 529 U.S. 362, 412 (2000). A state-court decision may only be overturned if: (1) it applies a rule contradicting Supreme Court governing law; (2) it contradicts a set of facts materially indistinguishable

2

from a Supreme Court decision; (3) it unreasonably applies correct Supreme Court precedent to the facts of the case; (4) it unreasonably extends Supreme Court legal principles where it should not apply; or (5) it unreasonably refuses to extend Supreme Court legal precedent where it should apply. *Bailey v. Mitchell*, 271 F.3d 652, 655 (6th Cir. 2001) (citing *Williams v. Taylor*, 529 U.S. 362, 404-409 (2000)). This Court defers to state-court decisions when the state court addressed the merits of Petitioner's claim. *Harris v. Stovall*, 212 F.3d 940, 943 (6th Cir. 2000). The state court's factual findings are presumed to be correct but may be rebutted by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

### A. Ineffective Assistance of Counsel Claims

The Supreme Court has set forth a two-prong test to evaluate claims of ineffective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). Petitioner must prove: (1) that counsel's performance fell below an objective standard of reasonableness; and (2) that counsel's deficient performance prejudiced the defendant resulting in an unreliable or fundamentally unfair outcome. *Id.* A court considering a claim of ineffective assistance must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. Petitioner bears the burden of overcoming this presumption. *Id.* Moreover, when a federal court reviews a state court's application of *Strickland* under § 2254(d), the review is "doubly" deferential. *Harrington v. Richter*, 562 U.S. 86, 105 (2011) (citing *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009)). A federal court must determine "whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Id.*

Petitioner raises two separate claims of ineffective assistance of counsel. First, he argues that counsel was ineffective because he did not provide the jury with a self-defense or a lesser-included offense instruction. Petitioner raised this argument with the Michigan Court of Appeals. Applying *Strickland*'s two-prong test, the Michigan Court of Appeals rejected his claim, and concluded that Petitioner's trial counsel performed within an objective standard of reasonableness with regard to jury instructions. (ECF No. 7-10, PageID.331-32.) The Michigan Court of Appeals noted that the evidence did not support a self-defense instruction, and that Petitioner was not entitled to a jury instruction on assault and battery, so counsel was not ineffective in failing to make a meritless motion or objection in regard to jury instructions. (*Id.*) These factual findings are presumed correct, and Petitioner has not rebutted these findings with clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

Petitioner argues that the Michigan Court of Appeals erroneously held that Petitioner could only advance defense theories with direct evidence to support them and could not have advanced more than one defense theory. Petitioner asserts that it was "overwhelmingly established by evidence presented from the prosecution's witness no less, that the victim attacked the perpetrator first." (ECF No. 12, PageID.634.) Yet the Michigan Court of Appeals explained that "the evidence at trial revealed that defendant's continued attack while the victim was on the ground was excessive and was unnecessary for self-defense." (ECF No. 7-10, PageID.331.) Petitioner argues that it cannot be a sound trial strategy to fail to advance a defense theory that would have benefitted Petitioner, but the court found that the witness testimony showed that Petitioner was not acting in self-defense. Therefore, the

4

court's conclusion that defense counsel performed within an objective standard of reasonableness was not contrary to and did not involve an unreasonable application of clearly established federal law. *See Keeble v. United States*, 412 U.S. 205, 208 (1974) (finding defendant was not entitled to a lesser-included offense instruction when there was an insufficient basis in the evidence to support it); *United States v. Harris*, 204 F.3d 681, 683 (6th Cir. 2000) (finding that failure to make a futile objection is not deficient performance under *Strickland*).

Second, Petitioner argues that counsel was ineffective because he failed to investigate the fact that Petitioner did not cause the victim's coma, did not make necessary objections at critical stages during the trial, presented a defense theory that Petitioner did not agree with, and denied Petitioner his right to testify. The Michigan Court of Appeals also rejected this claim as meritless. It explained that its review was limited to the mistakes apparent on the record, and there was no indication that defense counsel failed to investigate or that defense counsel denied Petitioner his right to testify. (ECF No. 7-10, PageID.335-36.) Petitioner argued that defense counsel failed to object to prosecutorial misconduct and the court's aiding and abetting instruction. (*Id.*) The court explained that these objections were meritless. (*Id.*) Petitioner argues that counsel "did not act with the customary skill and diligence of a reasonably competent attorney." (ECF No. 12, PageID.646.) But Petitioner does not provide any evidence to rebut the court's factual findings with clear and convincing evidence. Because the court's factual findings are presumed correct, its decision was not contrary to and did not involve an unreasonable application of clearly established federal law.

5

**B. Police Coercion**

Petitioner argues that the police coerced a principal witness by informing her of the punishment for committing perjury. Witness intimidation violates due process when "[g]overnment conduct rises to the level of substantial interference with a witness's 'free and unhampered determination to testify.'" *Johnson v. Bell*, 525 F.3d 466, 480 (6th Cir. 2008). Petitioner claims that the witness testified that the police frightened and intimidated her, and told her that she would lose her children (ECF No. 7-3, PageID.218). The Michigan Court of Appeals rejected this claim, explaining that "based on the relevant witness's testimony, the police merely suspected that the witness was lying to them and informed her that false testimony could result in a perjury charge with a penalty of 20 years' imprisonment." (ECF No. 7-10, PageID.332.) The court concluded that informing a witness of the consequences for committing perjury does not constitute prosecutorial intimidation.

Although Petitioner cited the witness's trial testimony to support his objection, her testimony does not rebut the court's factual finding that the police merely informed her that lying could result in perjury. She testified that "[t]hey came to me and said you going to be charged with perjury. You going to be charged with this. You can be facing up to 20 years, so I got scared and I started telling them what I saw." (ECF No. 7-3, PageID.218.) The police did not threaten that she would lose her kids. She testified that "I guess me being under so much pressure with my kids back, and they tell me I'm going to go to prison . . . . So I just was, like, I want my babies[.]" (*Id.*) Her testimony does not rebut the court's factual finding. Therefore, the court's decision was not contrary to and did not involve an

unreasonable application of clearly established federal law.

### C. The Trial Court's Departure from the Sentencing Guidelines

Petitioner argues that the trial court abused its discretion when it departed from the sentencing guidelines. Petitioner's claim relies on state law, and such claims are typically not cognizable in habeas corpus proceedings. *Hutto v. Davis*, 454 U.S. 370, 373-74 (1982) (federal courts normally do not review a sentence for a term of years that falls within the limits prescribed by the state legislature); *Austin v. Jackson*, 213 F.3d 298, 301-02 (6th Cir. 2000) (alleged violation of state sentencing law is not subject to federal habeas relief). Moreover, a criminal defendant has "no federal constitutional right to be sentenced within Michigan's guideline minimum sentence recommendations." *Doyle v. Scutt*, 347 F. Supp. 2d 474, 485 (E.D. Mich. 2004); *accord Lovely v. Jackson*, 337 F. Supp. 2d 969, 977 (E.D. Mich. 2004); *Thomas v. Foltz*, 654 F. Supp. 105, 106-07 (E.D. Mich. 1987).

Federal courts generally do not review state law errors in a habeas proceeding. Nonetheless, an alleged violation of state law "could, potentially, 'be sufficiently egregious to amount to a denial of equal protection or of due process of law guaranteed by the Fourteenth Amendment.'" *Koras v. Robinson*, 123 F. App'x 207, 213 (6th Cir. 2005) (citing *Bowling v. Parker*, 344 F.3d 487, 521 (6th Cir. 2003)); *cf. Doyle*, 347 F. Supp. 2d at 485 (a federal habeas court "will not set aside, on allegations of unfairness or an abuse of discretion, terms of a sentence that [are] within state statutory limits unless the sentence is so disproportionate to the crime as to be completely arbitrary and shocking") (citation omitted).

A sentence may violate due process if it is based upon material "misinformation of

7

constitutional magnitude." *Koras*, 123 F. App'x at 213 (quoting *Roberts v. United States*, 455 U.S. 552, 556 (1980)); *cf. United States v. Tucker*, 404 U.S. 443, 447 (1972). To prevail, Petitioner must show (1) that the information before the sentencing court was materially false, and (2) that the court relied on the false information in imposing the sentence. *Tucker*, 404 U.S. at 447.

The Michigan Court of Appeals found that the trial court's sentencing adjustment[1] was appropriate based on the severity of the victim's injuries, the psychological injury to the victim's family, and the severity of the attack by the defendant. (ECF No. 7-10, PageID.333-34.) The court noted that the offense variables did not adequately account for the victim's long-term hospitalization and total incapacity. (*Id.* at PageID.333.) It also noted that the trial court provided a proper reason for its departure based on the victim's family suffering, including whether to maintain the victim on life support, and the severity of Petitioner's "'terrible assault' that beat the victim to the point of death." (*Id.* at PageID.334.) The court found that the reasons for the upward departure were objective and verifiable because the facts relied on by the trial court were external to the court and were capable of being confirmed.

Petitioner argues that the Michigan Court of Appeals conceded that some of the scoring was prohibited by law, and that the judge was bound by the statute's mandate and prohibitions. Again, Petitioner does not present clear and convincing evidence to rebut the court's factual findings. Thus, the Michigan Court of Appeals decision was not contrary to

---

[1] The sentencing guidelines recommended 34 to 134 months, and the trial court sentenced Petitioner to 18-50 years. (ECF No. 7-6, PageID.308-09.)

and did not involve an unreasonable application of clearly established federal law.

### D. Denial of Evidentiary Hearing

Denial of an evidentiary hearing in state court is not cognizable on habeas review. Petitioner argues that the court record does not factually support his ineffective assistance of counsel claims because of his counsel's ineffectiveness. Petitioner maintains that the trial court abused its discretion by denying a request for an evidentiary hearing to expand upon his ineffective assistance of counsel claims, known as a *Ginther* hearing. But whether Petitioner was entitled to a *Ginther* hearing is a matter of state law, and is not cognizable.

Petitioner also cites 28 U.S.C. § 2254(e)(2), which discusses whether an applicant for habeas relief is entitled to an evidentiary hearing in federal court. Petitioner argues that he has been diligent in developing a factual basis for his claim but for the trial court's denial of an evidentiary hearing, and under *Williams v. Taylor*, 529 U.S. 420, 432 (2000), this Court should grant an evidentiary hearing. Petitioner raised a claim of abuse of discretion for the trial court's denial of an evidentiary hearing at the state level, so AEDPA's evidentiary hearing provision is not applicable. Further, Petitioner did not request an evidentiary hearing in his petition for habeas corpus relief. Therefore, this is a state-law claim, and it is not cognizable.

### E. Prosecutorial Misconduct

Petitioner argues that the prosecutor improperly injected comments about Petitioner's character and guilt, used her position as prosecutor to sway the jury, and improperly referred to a letter in her opening statement that was not admitted into evidence. Petitioner objects

9

to the Magistrate Judge's conclusion that this claim is procedurally defaulted. He argues that the Michigan Court of Appeals did not expressly state that its judgment rested on a procedural bar. But the Michigan Court of Appeals stated that the claim was not preserved and reviewed it for plain error, which means it was procedurally defaulted.

Although Petitioner disagrees with the Magistrate Judge's conclusions, Petitioner has not demonstrated that the conclusion was erroneous. The R&R accurately recites the facts and correctly applies pertinent law. The Court agrees with and adopts the Magistrate Judge's analysis.

With regard to the sections of the R&R not specifically objected to, the Court has reviewed the matters and concludes that the R&R correctly analyzes the issues and makes a sound recommendation.

A judgment and order will enter consistent with this Opinion.


Dated: October 24, 2016                             /s/ Robert Holmes Bell
                                                    ROBERT HOLMES BELL
                                                    UNITED STATES DISTRICT JUDGE